UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.V. DIAMONDS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-719 |
| | § | |
| GOLD STAR JEWELLERY, LLC, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendants' motion to dismiss for insufficient process and for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Dkt. 11. Defendants filed their motion on May 18, 2009. Plaintiff has not filed a response, and the time for response has now passed. *See* S. D. TEX. LOCAL RULES 7.3, 7.4. Accordingly, the court considers this motion unopposed. After reviewing the motion, the record, and the applicable law, the court finds that the motion should be GRANTED.

### I. BACKGROUND

Sometime before the filing of this case on March 11, 2009, defendants sent plaintiff two cease and desist letters accusing it of patent infringement. Dkt. 11. On March 24, 2009, defendants filed a case in the Southern District of New York alleging the same patent infringements mentioned in the letters. *Id.* Plaintiff has been duly served as the defendant in the New York action. *Id.* The plaintiff in this case requested that defendants' attorney accept service in this case. *Id.* The attorney was not authorized to do so, so plaintiff attempted service by other means. *Id.*

According to plaintiff's affidavit of service, it served defendant GoldStar LLC, incorrectly named Gold Star Jewellery, LLC in plaintiff's complaint, by delivering a copy of the summons and

complaint to an individual named Mr. Bada at an address in New York City  *Id.*  According to GoldStar LLC, there is no Mr. Bada, or anyone matching the physical description contained in the affidavit, employed by GoldStar LLC.  *Id.*

Plaintiff's affidavit of service states that it served defendant Gold Star Ltd., incorrectly named Gold Star Jewellery, Ltd., by delivering a copy of the summons and complaint to the same Mr. Bada at the same address.  According to defendants, Gold Star Ltd., an Indian organization, does not have an office or employees anywhere in the United States, and there is no individual or entity authorized to accept service on its behalf at GoldStar LLC's New York office.  *Id.*

The third defendant is an individual, Alkesh Shah.  Mr. Shah is a resident of India and does not have an individual or entity authorized to accept service on his behalf anywhere in the United States.  *Id.*

While defendants are aware of the pendency of this lawsuit due to their own research, all three argue that they have never been properly served.

## II.  Legal Standard

A defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Since this case was filed on March 11, 2009, the 120 days allowed for service has already passed.  If defendants have not been properly served before now, the case must be dismissed without prejudice.  *Id.*  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  *Sys. Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  "A district court . . . has broad discretion to dismiss an action for ineffective service of process. . ."  *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).  Federal Rule of Civil Procedure 4(h) provides that a corporation can be served by "delivering a copy of the summons . . . to an officer, a managing or general agent,

or any other agent authorized by appointment or by law to receive service of process" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h), 4(e)(1).

Individuals or corporations in a foreign country, including Shah and GoldStar Ltd., must be served pursuant to Federal Rule of Civil Procedure 4(f):

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt. . .

### III. Analysis

Though the address listed in the affidavit of service is a valid address for GoldStar LLC, Marc Moskovitz, the Chief Financial Officer of GoldStar LLC, provides affidavit testimony that there is no one by the name of Mr. Bada who works for GoldStar LLC or who is authorized to accept service on its behalf. Dkt. 11. The affidavit of service states that Mr. Bada is "a white male, approximately 40 years of age, stands approximately 5 feet 7 inches tall, weighs approximately 160

pounds with black hair and brown eyes." *Id.* Mr. Moskovitz states that there is no one matching this description employed by GoldStar LLC or authorized to accept service on its behalf. *Id.* Plaintiff submits no evidence to the contrary. Accordingly, it has not met its burden to show that GoldStar LLC was validly served in this action in accordance with Rule 4(h).

GoldStar Ltd. and Shah must be served pursuant to Rule 4(f) as outlined above. There is no evidence that plaintiff served these defendant in any way other than through Mr. Bada. Since Mr. Bada is not authorized to accept service on behalf of either GoldStar Ltd. or Shah, and there is no evidence that plaintiff attempted any other method describe by Rule 4(f), these defendants have not been properly served.

### IV. CONCLUSION

Plaintiff has not validly served any defendant in this case. Accordingly, defendants' motion to dismiss pursuant to Rules 12(b)(4) and (5) is GRANTED. All of plaintiff's claims against all defendants in this action are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on August 27, 2009.

_____
Gray H. Miller
United States District Court